IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WEATHER BARRIER CONSTRUCTION LTD. and WAYNE (FUZZY) WARREN, ) ) ) Plaintiffs, ) ) v. ) ) THE TONKAWA TRIBE OF OKLAHOMA, ) ) Defendant. ) | Case No. CIV-08-663-M |

## ORDER

Before the Court is "Defendant's Motion to Dismiss For Lack of Jurisdiction And Opening Brief In Support" [docket no. 4], filed August 1, 2008. No response was filed by plaintiffs. This matter being ripe for adjudication, the Court makes its determination.

In the Complaint, plaintiffs invoke the jurisdiction of the Court pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701, *et seq.*, and seek injunctive relief due to a breach of an alleged construction contract between the parties. Defendant now moves to dismiss the instant action for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). An action brought under the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 is appropriate "when the cause of action is created by federal law or turns on a substantial question of federal law." *Id.* In this case, plaintiffs' action is based on the IGRA, a federal law establishing a regulatory framework for conducting gaming activities on Indian lands with a goal "to promote tribal economic development, tribal self-sufficiency, and strong tribal government". 25 U.S.C. § 2701(4). The sole reference to contracts in the IGRA pertains to management contracts. A management contract is a

contract that an Indian tribe may enter into for the operation and management of certain gaming activity. 25 U.S.C. § 2711. In order to be valid, a management contract has to be approved by the Chairman of the National Indian Gaming Commission. *Id*.

In this case, plaintiffs refer to a contract entered into with defendant to serve as the primary contractor for the construction of a casino located in Kay County, Oklahoma. Having reviewed the Complaint, the Court finds that the alleged contract between the parties is not a management contract under the IGRA. While plaintiffs apparently rely on the nature of the alleged contract with defendant as its basis for asserting jurisdiction under the IGRA, the Court finds that the IGRA does not serve as a basis for federal jurisdiction for ancillary issues involving Indian gaming. *See, e.g., Iowa Mgmt. & Consultants, Inc. v. Sac & Fox Tribe*, 207 F.3d 488, 489 (8th Cir. 2000) (holding that federal courts do not have jurisdiction regarding routine gaming-related contracts involving the tribe); *Calumet Gaming Group-Kan., Inc. v. Kickapoo Tribe of Kan.,* 987 F. Supp. 1321, 1325 (D. Kan. 1997) (gaming related consulting agreement that is not a management contract is not subject to IGRA and does not raise a federal question).

As plaintiffs fail to state a basis for federal question jurisdiction under the IGRA, and the Complaint makes no reference to any other federal law upon which jurisdiction may be brought, the Court concludes that no federal question jurisdiction exists under 28 U.S.C. § 1331 upon which plaintiffs may bring this suit against defendant.

Having determined that no basis lies for federal question jurisdiction, the Court must now examine whether plaintiffs may bring this suit on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. An Indian tribe, such as defendant in the instant case, is not considered to be citizen of any state for purposes of diversity jurisdiction. *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir.

1993).  Having reviewed the Complaint, the Court, therefore, finds that no diversity jurisdiction exists under  28 U.S.C. § 1332 upon which plaintiffs may bring this suit against defendant. Specifically, defendant is a federally-recognized Indian tribe with sovereign powers of self-government.

Accordingly, for the foregoing reasons, the Court GRANTS defendant's motion to dismiss, and this action is hereby DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 18th day of September, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE